UNITED STATES DISTRICT COURT
for the
EASTERN DISTRICT OF NORTH CAROLINA

**U.S.A. vs. Gerald Simmons**                    **Docket No. 5:16-CR-176-1FL**

### Petition for Action on Supervised Release

COMES NOW Mindy L. Threlkeld, Senior U.S. Probation Officer of the court, presenting a petition for modification of the Judgment and Commitment Order of Gerald Simmons, who, upon an earlier plea of guilty to 18 U.S.C. §2250(a), Failure to Register as a Sex Offender, was sentenced by the Honorable Louise W. Flanagan, U.S. District Judge, on February 8, 2017, to the custody of the Bureau of Prisons for a term of 30 months. It was further ordered that upon release from imprisonment the defendant be placed on supervised release for a period of 60 months.

Gerald Simmons was released from custody on July 02, 2018, at which time the term of supervised release commenced.

The defendant originally released to live with his parents in South Carolina, but transferred to the Eastern District of North Carolina on July 6, 2018, to reside with his wife and children.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:** The defendant has a 2009 conviction for Indecent Liberties with a Minor. Additionally, he has three convictions for Failing to Register as a Sex Offender, not including his current judgment. In order to effectively supervise the defendant, it is requested that additional conditions be added to assist the probation office in assessing any potential risks and to address specific needs of the defendant.

The defendant signed a Waiver of Hearing agreeing to the proposed modification of supervision.

**PRAYING THAT THE COURT WILL ORDER** that supervised release be modified as follows:

1. To ensure compliance with supervision, the defendant shall submit to unannounced searches of any computer or computer equipment (including mobile phones, tablets, and data storage devices) which may include the use of computer monitoring technology, computer search or analysis software, and copying of all data from the device and external peripherals. Such examination may require the removal of devices from the defendant's possession for the purpose of conducting a thorough inspection.

2. At the direction of the U.S. Probation Officer, the defendant shall consent to the installation of systems or software that will allow the probation officer or designee to monitor computer use on any computer that the defendant owns or is authorized to use. The defendant shall pay the costs of this monitoring.

3. The defendant shall not associate or have verbal, written, telephonic, or electronic communications with any person under the age of eighteen (18), except: (1) in the presence of the parent or legal guardian of said minor; (2) on the condition that the defendant notifies the parent or legal guardian of the defendant's conviction or prior history; and (3) with specific, written approval from the U.S. Probation Officer. This provision does not encompass persons under the age of eighteen with whom the defendant must deal in order to obtain ordinary and usual commercial services (e.g., waiters, cashiers, ticket vendors, etc.).

4. The defendant shall not use, possess, or control any computer-based counter forensic tools. The defendant shall not use or have installed any programs specifically and solely designed to encrypt data, files, folders, or volumes of any media. The defendant shall, upon request, immediately provide the U.S. Probation Officer with any and all passwords required to access data compressed or encrypted for storage by any software.

5. The defendant shall not possess any legal or illegal pornographic material, including any materials depicting and/or describing "child pornography" and/or "simulated" child pornography as defined in 18 U.S.C. § 2256, nor shall the defendant enter any location where such materials can be accessed, obtained, or viewed, including pictures, photographs, books, writings, drawings, videos, or video games.

6. The defendant shall not have any social networking accounts without the approval of the U.S. Probation Officer.

7. At the direction of the U.S. Probation Officer, the defendant shall submit to physiological testing, which may include, but is not limited to, polygraph examinations or other tests to monitor the defendant's compliance with probation or supervised release and treatment conditions.

Except as herein modified, the judgment shall remain in full force and effect.

Reviewed and approved,

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Eddie J. Smith
Eddie J. Smith
Supervising U.S. Probation Officer

/s/ Mindy L. Threlkeld
Mindy L. Threlkeld
Senior U.S. Probation Officer
150 Rowan Street Suite 110
Fayetteville, NC 28301
Phone: 910-354-2539
Executed On: July 11, 2018

## ORDER OF THE COURT

Considered and ordered this ___13th___ day of ___July___, 2018, and ordered filed and made a part of the records in the above case.

Louise W. Flanagan
U.S. District Judge